**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
COLUMBIA DIVISION

| | |
|---|---|
| FRANK HEINDEL, PHIL LEVENTIS, *Plaintiffs*, v. MARCI ANDINO, *Executive Director of the South Carolina State Election Commission, in her official capacity,* BILLY WAY, JR., *Chair of the South Carolina State Election Commission, in his official capacity,* MARK A. BENSON, MARILYN BOWERS, AND NICOLE SPAIN WHITE, *Members of the South Carolina State Election Commission, in their official capacity*, *Defendants*. | CASE NO. 3:18-cv-01887-DCC<br><br>MOTION TO STAY |

**DEFENDANTS' MOTION TO STAY SCHEDULING ORDER AND DISCLOSURE AND CONFERENCE REQUIREMENTS**

Pursuant to Local Rule 16.00(C), Defendants move to stay the entry of any scheduling order, and all federal and local civil rule disclosure and conference requirements, until their pending first motion for summary judgment has been ruled upon. *See* Local Civ. Rule 16.00(C) (D.S.C.) ("The court may stay entry of the scheduling order(s) and all federal and local civil rule disclosure and conference requirements pending resolution of a . . . dispositive motion. Any party desiring a stay on this basis shall file a separate motion to stay. No consultation or separate memorandum is required."); *see also* Fed. R. Civ. P. 26(a), (c), (f). On July 30, 2018, Defendants moved for summary judgment contending Plaintiffs lack standing—a prerequisite to the Court's exercise of jurisdiction in this case. (Dkt. 5); *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561

-1-

-2-

(1992) ("[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III. . . . The party invoking federal jurisdiction bears the burden of establishing [the] elements [of standing]. . . . . [T]hey are not mere pleading requirements but rather an indispensable part of the plaintiff's case . . . .").

Here, staying disclosures and the scheduling order would be appropriate. Depending on the Court's ruling, Defendants' dispositive motion could resolve the case—mooting any discovery related concerns (*i.e.* disclosures, scheduling, *etc.*). *See, e.g., Cuyler v. Dep't of Army*, No. 3:08-3261-CMC, 2009 WL 1749604, at *8 (D.S.C. June 22, 2009) (upholding the Magistrate's grant of a defendant's motion to stay, and noting that the defendant "could and should have avoided the discovery-related concerns by filing a motion to stay deadlines and discovery [under Rule 16.00(C)] at the same time it filed its motion . . . ."). Further, Defendants' motion to stay does not prejudice Plaintiffs because discovery has not yet begun in full. *See, e.g., Regan v. City of Charleston, S.C.*, No. 2:13-CV-3046-PMD, 2015 WL 1518102, at *2 (D.S.C. Mar. 31, 2015) (denying a motion to stay under Rule 16.00(C) where a consent scheduling order had already been entered and discovery was about to close).

Accordingly, Defendants respectfully ask the Court to stay any and all scheduling, disclosure, and conference requirements until their summary judgment motion is resolved.

[Signature block on the next page.]

Respectfully Submitted,

ALAN WILSON
ATTORNEY GENERAL
Fed. Bar No. 10457

W. JEFFREY YOUNG
CHIEF DEPUTY ATTORNEY GENERAL
Fed. Bar No. 6122

ROBERT D. COOK
SOLICITOR GENERAL
Fed. Bar No. 285

THOMAS PARKIN C. HUNTER
SENIOR ASSISTANT ATTORNEY GENERAL
Fed. Bar No. 2018

HARLEY LITTLETON KIRKLAND
ASSISTANT ATTORNEY GENERAL
Fed. Bar No. 12397

SOUTH CAROLINA ATTORNEY GENERAL'S OFFICE
Post Office Box 11549
Columbia, South Carolina 29211-1549
jyoung@scag.gov
bcook@scag.gov
phunter@scag.gov
hkitkland@scag.gov

/s/ Thomas Parkin C. Hunter
SENIOR ASSISTANT ATTORNEY GENERAL
ATTORNEYS FOR ALL DEFENDANTS

October 17, 2018
Columbia, SC